IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MARK HANDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-271 (MTT) |
| | ) |
| TINA COOK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant Tina Cook and Defendant Cooper Cook's Motions for Attorney's Fees.[1] (Docs. 51, 56, 62). Pursuant to Fed. R. Civ. P. 54(d)(2)(B), a motion for attorney's fees must be made no later than 14 days after the entry of judgment, specify the basis for the award, and state the amount sought. Here, the Motion was timely filed, and the Cooks seek attorney's fees pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 9-15-14(b) in the amount of $11,145.05.

Section 1988(b) states that district courts have the discretion to determine whether to award reasonable attorney's fees to the prevailing party other than the United States. The Supreme Court has recently held that because of the different equitable considerations for prevailing defendants, "§ 1988 authorizes a district court to award attorney's fees to a defendant upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Fox v. Vice*, __ U.S. __, 131 S. Ct. 2205, 2213 (2011).

---

[1] The Plaintiff filed a response to the Motions five days after they were submitted in the CM/ECF system. (Doc. 59). However, the Cooks have not objected to this delay, and the Court finds that the Cooks are not prejudiced by this delay.

"Cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment or a Fed. R. Civ. P. 41(b) motion for involuntary dismissal. In these cases, the plaintiffs did not introduce any evidence to support their claims." *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).

> Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. While these general guidelines can be discerned from the case law, they are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis.

*Id.* (internal citations omitted).

Here, the claims against Cooper were frivolous. As stated in the Order dismissing this action, "the Court notes that the Plaintiff does not have any evidence linking Cooper to the December 2006 events." (Doc. 49, at 10).

However, the claims against Tina were not frivolous. With regard to the Plaintiff's § 1983 claims against Tina, the Plaintiff failed to establish probable cause and conduct fairly attributable to the State, and this action was dismissed prior to trial. Nevertheless, the Plaintiff did present evidence that he was charged with aggravated assault, even though his warrant was for simple assault, and that all his charges were eventually dropped. In the Court's discretion, the Court cannot find that the Plaintiff's § 1983 claims against Tina Cook were frivolous.

In *Fox*, the Supreme Court adopted a "but-for" standard when a plaintiff asserts frivolous and non-frivolous claims. The Court reasoned that "if the defendant would have incurred those fees anyway, to defend against *non*-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." *Fox*, __ U.S. at __, 131 S. Ct. at 2215 (emphasis in original). The Court then provided an example of a deposition on matters relevant to both a frivolous and non-frivolous claim to illustrate when awarding attorney's fees pursuant to § 1988 would be inappropriate. *Id*. The Court also provided three examples of when awarding attorney's fees would be appropriate: 1) when only the frivolous allegation can legally result in damages; 2) when the frivolous claim enables removal of the case to federal court; and 3) when the frivolous claim involves a specialized area of law that required the defendant to hire more expensive counsel. *Id*. at 2216.

Here, the claims against Tina and Cooper arose out of the same transaction--the Plaintiff's arrest on December 12, 2006. "It therefore seems likely that [the Cooks' attorney] would at least have conducted similar fact-gathering activities--taken many of the same depositions, produced and reviewed many of the same documents, and so forth." *Id*. at 2217. Moreover, as stated in the Order, the Plaintiff's claims against the Cooks essentially are claims against Tina. None of the examples of when attorney's fees should be awarded are applicable to this action. Thus, in its discretion, the Court finds that the Cooks are not entitled to attorney's fees pursuant to § 1988.

The Cooks also seek attorney's fees pursuant to O.C.G.A. § 9-15-14(b) for the Plaintiff's state law false arrest, malicious prosecution, and bad faith claims, but it is unclear whether these fees may be recovered in federal court. This Court has held that

"a claim brought pursuant to O.C.G.A. § 9-15-14[(b)] can only be asserted in Georgia state or superior courts." *Wells v. Cal-Maine Foods, Inc.*, 2005 WL 1127129, at *8 (M.D. Ga. May 12, 2005) (citations and quotations omitted); *see also Haynes v. Cyberonics, Inc.*, 2011 WL 3903238, at *9 (N.D. Ga. Sept. 6, 2011); *Riverkeeper v. Youmans*, 2008 WL 4411098, at *7 (S.D. Ga. Sept. 29, 2008). However, the Eleventh Circuit has held that a district court did not abuse it's discretion by awarding attorney's fees pursuant to O.C.G.A. § 9-15-14(b). *Blanchard v. DeLoache-Powers*, 286 F.3d 1281, 1290 (11th Cir. 2002).

Assuming a claim for attorney's fees pursuant to § 9-15-14(b) can be asserted in federal court, "[a] prevailing party is not perforce entitled to an award of attorney fees under this statutory subsection and a trial court need not make findings of fact in denying an award. An award under O.C.G.A. § 9-15-14(b) is entirely within the discretion of the trial court after considering all the facts and law." *Campbell v. Landings Ass'n, Inc.*, 2011 WL 3689252 (Ga. App. Aug. 24, 2011) (citation and punctuation omitted); *accord Evers v. Evers*, 277 Ga. 132, 133, 587 S.E.2d 22, 23 (2003) ("In order to award attorney fees, a trial court must make findings of fact and conclusions of law which are sufficient to support the award. When the trial court declines to award attorney fees, however, findings of fact and conclusions of law are unnecessary.") (citations omitted).

Here, the Court, in the exercise of its discretion, declines to award attorney's fees pursuant to § 9-15-14(b).

Accordingly, the Motions are **DENIED**.

**SO ORDERED**, this the 27th day of September, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
